NO. 07-09-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2010
_____

RYAN JOHN KELLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20265-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Ryan John Kelley, filed a notice of appeal from his conviction for injury to elderly by reckless conduct and sentence of 22 months incarceration in the State Jail Division of the Texas Department of Criminal Justice and $750 fine. The appellate court clerk received and filed the trial court clerk's record on August 17, 2009. The trial court reporter's record was received and filed on September 15, 2009. Appellant moved for an extension of time to file his brief, which was granted, making appellant's brief due on or

before November 16, 2009.  Appellant filed a second motion for extension of time to file brief, which was denied.

On December 2, 2009, this Court notified appellant that his second motion for extension of time was denied, that his brief was past due, and that, if his brief was not filed by December 14, 2009, his appeal would be abated and remanded to the trial court.  As of the date of this order, appellant has failed to file his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court.  See TEX. R. APP. P. 38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.  If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to

be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. <u>See</u> TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than February 8, 2010.


Per Curiam


Do not publish.